IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3099 |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN SILVERMAN, KATHREEN | ) | **MEMORANDUM** |
| HUTCHINSON, STEVE | ) | **AND ORDER** |
| ELMSHAEUSER, KEN HART, | ) | |
| DAVE EUBANKS, LEN TABOR, | ) | |
| and AMY RAGSDALE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Michael A. Hernandez's Motion for Leave to Proceed In Forma Pauperis ("IFP") (filing no. 2), his Amended Motion for Leave to Proceed In Forma Pauperis (filing no. 7), his Motion to Appoint Counsel (filing no. 8), his Motion to Compel (filing no. 12), and his Motion for Ex Parte Injunction (filing no. 10). The court has also received a certified copy of Plaintiff's trust account information. (Filing No. 4.)

**PLAINTIFF'S PENDING MOTIONS**

### A.   Leave to Proceed In Forma Pauperis

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. The court finds that the initial partial filing fee is $1.79, based on an average monthly balance of $8.96. Payment of the initial partial filing fee must be received by the court by July 11, 2008, in the absence of which this matter is subject to dismissal. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of the court shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

**B.    Appointment of Counsel**

2

Plaintiff seeks the appointment of counsel. (Filing No. 8.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

### C.     Motion to Compel

Plaintiff asks this court to compel the Box Butte County court to rule on motions pending in Plaintiff's case before the Box Butte County court. (Filing No. 12.) This court cannot order a State court to rule on motions pending in State court proceedings. Therefore, Plaintiff's Motion is denied.

### D.     Motion for Preliminary Injunction

Plaintiff also moves the court for an Ex Parte Injunction. (Filing No. 10.) Plaintiff's motion requests that he be transferred from the Tecumseh State Correctional Institute ("TSCI") to the Omaha Correctional Center because of dangers posed to Plaintiff by a fellow inmate housed at TSCI and because TSCI staff is denying Plaintiff access to the TSCI law library.

The factors to be weighed in deciding whether to grant or deny preliminary injunctive relief are:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

3

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

Plaintiff's motion seeks relief in the form of transfer to another correctional facility. Because an inmate has no constitutional right to assignment to any particular prison, there is no probability that Plaintiff will succeed on the merits. Thus, Plaintiff's motion for an Ex Parte Injuction must be denied. *Freitas v. Ault*, 109 F.3d 1335, 1337 (8th Cir. 1997) ("there is no liberty interest in assignment to any particular prison"); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (inmate has no constitutional right to remain in general prison population); *Clark v. Browers*, 2005 WL 1926088, at *3 (E.D. Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"). *See also Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion."); *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999) ("'Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison.'") (quoting *Sanders v. St. Louis County*, 724 F.2d 665, 668 (8th Cir. 1983)).

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (filing no. 2, amended by filing no. 7) is granted.

4

2.  Plaintiff's request for the appointment of counsel (filing no. 8) is denied without prejudice to reassertion.

3.  Plaintiff's Motion to Compel (filing no. 12) is denied.

4.  Plaintiff's Motion for an Ex Parte Injunction (filing no. 10) is denied.

5.  Plaintiff shall pay an initial partial filing fee of $1.79 by July 11, 2008, unless an enlargement of time is granted in response to a written motion. If the initial partial filing fee is not received by the specified deadline, this case is subject to dismissal.

6.  After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

7.  The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

8.  The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: July 11, 2008: initial partial filing fee payment due.

9.  Plaintiff shall keep the court informed of his current address at all times, and all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

10. Plaintiff shall review the "Notice Regarding Summons Forms" attached to this Order.

June 16, 2008.  BY THE COURT:

 s/ *Richard G. Kopf*
United States District Judge

# NOTICE REGARDING SUMMONS FORMS
# FOR PRO SE PRISONERS
# PROCEEDING IN FORMA PAUPERIS

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant. Generally, the court conducts "initial review" shortly after the Clerk of Court receives the initial partial filing fee from the plaintiff. After the initial partial filing fee has been paid, and initial review has been completed, the Clerk of Court arranges for service of process as follows:

1. The Clerk of Court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of Court. Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**