IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | 4:08CV3099 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN SILVERMAN, KATHREEN | ) | **MEMORANDUM** |
| HUTCHINSON, STEVE | ) | **AND ORDER** |
| ELMSHAEUSER, KEN HART, | ) | |
| DAVE EUBANKS, LEN TABOR, | ) | |
| and AMY RAGSDALE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 12, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 13.) Plaintiff has also filed five motions which are pending as of the date of this Memorandum and Order. (Filing Nos. 9, 14, 15, 17, 18.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 12, 2008, against six individual Defendants. (Filing No. 1 at CM/ECF p. 1.) Plaintiff did not specify the capacity in which he sues these Defendants. (*Id*. at CM/ECF pp. 1-40.) Plaintiff is currently confined in the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id*. at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Defendants engaged in "criminal acts" and "misconduct" in order to convict him. (*Id*. at CM/ECF pp. 5, 31.) Plaintiff specifically alleges that the police bribed witnesses and tampered with evidence (*id*. at CM/ECF pp. 5-7), that the prosecuting attorneys conspired against, discriminated against, and maliciously prosecuted Plaintiff (*id*. at CM/ECF pp. 7-12), that the judge committed judicial misconduct (*id*. at CM/ECF pp. 12-20), that defense counsel was ineffective (*id*. at CM/ECF pp. 20-26), and that appellate counsel was ineffective (*id*. at CM/ECF pp. 26-27). In sum, Plaintiff's Complaint details events that led to his arrest and conviction. (*Id*. at CM/ECF pp. 1-40.) Plaintiff seeks $77,000,000.00 in damages, punitive damages for malicious prosecution, and release from prison. (*Id*. at CM/ECF p. 33.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337

(8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate entirely to his arrest and conviction. As stated above, Plaintiff's Complaint details the various "criminal acts" and "misconduct" that Defendants allegedly engaged in to convict him. (*Id*. at CM/ECF pp. 1-40.) In addition, Plaintiff specifically requests that the court release him from prison. (*Id*. at CM/ECF p. 33.) Because Plaintiff's claims necessarily implicate the validity of his conviction and incarceration, the court cannot address them in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2.      Plaintiff's pending Motions (filing nos. 9, 14, 15, 17, 18.) are denied as moot.

3.      The Clerk of the court is directed to send to Plaintiff the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

4.      A separate judgment will be entered in accordance with this Memorandum and Order.

October 1, 2008.                    BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge